Thank you very much for your good arguments. Thank you very much. Thank you. Okay. Let's call the next matter. In re Chavez, Matthew Nepper appearing for appellant. Mark Lounsbury appearing for Apple. Okay, Mr. Nepper, would you like to reserve a little time for rebuttal? Yeah, I'll reserve 5 minutes. I probably won't have that much by the time I'm done, but it'll hopefully keep me somewhat disciplined. Okay. And as I say, we'll try to give you a heads up. You'll be getting close to that. Okay. Okay. Sounds good. Okay. You may proceed. All right, well, may it please the court. This case turns on a simple but fundamental principle of Nevada commercial law. A party seeking to enforce a lost negotiable instrument must show it either possessed the original note when it was lost or acquired it from someone who did. Real-time resolutions has done neither. Can I interrupt you for a sec? I mean, it's not as if that's unique to Nevada, right? That's a basic UCC-type principle, correct, in your view? Absolutely. I think that's the Leiva case, to be sure. Okay. So, to the undisputed facts in this case, this isn't really a case that emphasizes the evidence. It emphasizes the application of law. Real-time admits it never possessed the original note. The lost note affidavit from Lehman, the linchpin of their claim states Lehman cannot independently verify anything about the loan, including whether it ever held the original note. This is not a simple missing link. It's an evidentiary void. The bankruptcy court found enforcement based on speculation, not evidence. It accepted unverified assumptions and failed to identify any point in the chain where a party held enforceable rights under NRS 104-3309. I'm going to refer to it as the UCC article moving forward, the 3309. In this decision, if the decision is allowed to stand, it invites the enforcement of debts without foundational proof of ownership, undermining the statutory safeguards and borrower protections that the UCC-3 affords. So, we'll ask the court to reverse the bankruptcy court's ruling and affirm the lost note enforcement, and that it requires more than faith in a creditor's paperwork. It requires evidence, and that evidence is missing here. And so, let me take you through the approach we're pushing here. That is, starting with the statutory framework, that is, the lost note affidavit framework, 3309. There's two ways you can establish entitlement to enforce a lost note. The first one is possession at the time of loss, and the second is acquisition from a party entitled to enforce. And this really does emphasize, I think, Article 3's tightly wound interlocking provisions. The concept, really, when we get to the second part of this test, that is, whether layman was entitled to enforce, draws in the questions of negotiation. It draws in the questions of transfer. It draws in the questions of endorsement. And so, there was some back and forth in the briefing over the appropriate standard of review, so let me just touch on that for a moment. The appropriate standard of review for this appeal is de novo. It involves the bankruptcy court's interpretation and application of 3309. The case does not turn on a pure question of fact, but rather on whether RTR met the statutory burden under 3309, a mixed question of law and fact, where the primary issue is the legal sufficiency of the evidence presented. Because the key dispute involves how the law applies to largely undisputed facts, that is, the lack of the original note, the ambiguous chain of assignments, the absence of possession at the time of transfer, or loss of the note. The de novo standard is, in our view, the correct standard, not clear error. All right, so let's get to just a strict question. But let me ask, isn't the question whether or not the evidence that was submitted was sufficient to establish by a preponderance of the evidence that they met their burden to show that they acquired the note from layman? And to me, it looks like really a failure of evidence issue here. Well, the evidence fails, I agree with you. But the question is whether in the failure of that evidence, the application of the law was appropriate. We don't have, I agree, you could emphasize the lack of evidence of, for example, let's start at the beginning. Resume is clearly the issuer. But, and even I think in the opposition brief, they indicate in the passive voice that the note was transferred. We don't know who it was transferred to. We don't know if there's an intermediate. It's endorsed in blank, right? Which is true, but we're not able to actually follow it. So we don't know who lost it. It may have actually been a party that transferred a copy of the note to layman, not the original. We just don't know. And certainly the lost note affidavit doesn't get us there. But then the question becomes, well, there's no dispute of fact that real time did not have possession of the note ever after the purported, I suppose, negotiation to it from layman. That's the testimony of the witness at the evidentiary hearing. There's no dispute of fact that layman itself could not, through the lost note affidavit, indicate, represent anything about the note. I think I'm paraphrasing the statement by the affiant there. But they would not take any ownership of whether they were in possession of the note. And then it takes us to the question of, well, if you get to the second component of 3309, that is whether layman had entitlement to enforce it as a holder, as a nonholder in possession with entitlement, we wouldn't know. We wouldn't even know what status they had at the time they purportedly transferred it to RTR because we don't know the manner in which it was negotiated to layman. So that's, I think, a significant hole in a real time's theory of the case. But to nevertheless conclude that real time through other evidence that's not contemplated under UCC3, so for example, a bill of sale, some form of alignment of loan numbers that were part of the tranche of loans that real time purchased out of the name of bankruptcy. None of those are sufficient to satisfy the requirements of 3309 or to establish the requirements for negotiation, which is what real time claims to be as a holder. And so that takes us to the issue of, I suppose, the case, the one case in this in the briefing that I thought really does deserve a little bit of time. While we're arguing, I'm making sure I'm tracking my time. That's Jones versus U.S. Bank. We actually think Jones versus U.S. Bank is particularly helpful to us here. The facts in that case are easily distinguishable. You have two parties. You have the issuer that was Taylor, Bean, and Whitaker, and then you have the subsequent holder, which would be U.S. Bank. Ocwin was their servicer in that case. But Ocwin verified possession, status, and absence of competing claims, whereas the Lehman affidavit provides no comparable verification, no diligent search that we can really figure out was conducted or described in the affidavit itself. Critically, Jones involved a straightforward, traceable transaction history between the original lender and Ocwin U.S. Bank. There were no unknown or intervening parties, and that's the issue that distinguishes it from this case, to be sure. And finally, Ocwin's verification of its possession and the note's status at the time of the loss, I think, brings that one home. In the instant case, it originates with resume, no evidence it negotiated a transfer of the note to any successor. There's no chain of assignment from resume to Lehman, and there's no verification of the endorsement or delivery, understanding that it's endorsed in blank. The absence of that demonstrable entitlement at every link in the chain starkly distinguishes it from Jones and underscores the speculative nature of RTR's enforcement claim. The other thing that really stands out to me here is the question of a limiting principle. If you were to adopt Jones over the plain language of Article 3, the question is, well, then what's the rule? Is Jones supplanting the statutory framework that is UCC 3? And what does that do to the Ninth Circuit bankruptcy? The courts in the circuit on your ruling, even if it's unpublished, it'll still be persuasive. I think it gives us a rule without any any clear guidance as to how that still can be harmonized with the tightly wound statutory framework of UCC 3. But on its facts, as distinguished from this case, there's really no doubt either the issuer or the subsequent holder lost the note when they were entitled to enforce. We just don't have that kind of record here. And of course, this is all because of the underlying policy that UCC 3 serves, that is avoiding the risk of double enforcement. So with that and six minutes left, we would ask that the court reverse the order overruling our objection and reinforce the evidentiary standards that are very clearly laid out in 3309. And with that, I will reserve the remainder of my time unless you have any questions. Any questions at this point? No. Okay, let's hear from the Appellate's counsel. Good morning, honors. May it please the court. My name is Mark Lounsbury, and I represent the Appellee Real-Time Resolutions, Inc. As the Appellate's counsel noted, this is a pretty straightforward case about the application of NRS 104-3309. And I think where we differ in our opinion is essentially the standard of review. It's our position that, you know, this was an evidentiary decision, and it should be reviewed on an abusive discretion standard. Mr. Lounsbury, whatever the standard here is, how do you get around 3309? I mean, where's the evidence here to show, you know, what we're dealing with here, maybe you'd agree with this, but collecting on a note, including foreclosing non-judicially if the note is secured by a deed of trust, is a relatively straightforward process. It happens all the time. And one of the requirements to make sure that this expedited procedure works is 3309. If it's lost, it has to be lost by somebody that had possession of it. And in the record, I don't see, I can't find it in the record where you dot that I or cross that T. You're correct, Your Honor, that under 3309, the lost note affidavit, you know, in addition to the preponderance of the evidence, you know, as part of the preponderance of the evidence, has to establish that the ownership of the note. But in this case, even though the lost note affidavit itself doesn't get all the way there over the finish line, I think that it's the other evidence considered in conjunction with the lost note affidavit. So, just to get into the specifics, we have the bill of sale from Lehman to Realtime's parent company, RTG. But the bill of sale is, I sold whatever I have, you know. Yes. Maybe what I sold was something, an interest in a note that was lost that I never had possession of. I mean, it's just, it's not, you know, people buy obligations all the time that have expired as a result of the statute of limitations. But they're willing to pay something for it anyway. I mean, here they might have bought something, but it might not be enough to actually collect on it. And yeah, and I can understand that position definitely. I think when you consider the earlier correspondence we have in the record showing attempts to collect by Solace Financial on that debt, on this loan that was then, we can be shown was included in the pool that Lehman sold later on. I think we can, you know, it can be tracked from resume to Realtime, certainly by preponderance. And I think in another important, you know, thing to consider in this situation is just the, there aren't multiple claimants purporting to hold this note. It's, this is, you know, over a decade ago, there haven't been, no one else has emerged to try to claim the rights under this note and deed of trust. And when you take that in conjunction with the other evidence, I think it establishes that the lower court did have a preponderance of the evidence to make the decision. And at that point, it really just comes down to, you know, weighing the evidence versus trying to, you know, change what 104 through 309 covers. I'm not sure if that's weighing the evidence or guessing what might have been. I can understand that position, but I think, you know, under the, the lower court was pretty explicit in its order as to the things in the evidentiary hearing that were introduced, the testimony and the documents, and how they use that as the basis for this decision. So, they went through the prongs of, the three prongs of NRS 104 through 309 and found that even if the lost note affidavit alone is insufficient, and we don't argue that on its own, it would get us all the way there. Well, it's useless, right? Because it just says, we don't know. The lost note affidavit says, we have no idea, because we destroyed our records. And you could have asked for this in 2018 when you bought the note, because we destroyed the records in 2022, but we have no idea. So, the lost note affidavit provides no value, right? Its only value is just to offer an explanation that the other evidence can, you know, framework the other evidence can fit in. So, we know why, we know why. Oh, sorry. Go ahead, go ahead. I was just going to say, we, it establishes why the note is lost, why we don't have the direct documentation. And then we can fill in the gaps with the evidence that we do have, and that's the lower court considered in deciding that the preponderance of evidence standard had been met. So, is there evidence of a chain of title of ownership, not servicing, but ownership of the loan from Resmay, you know, to Layman? You seem to gloss over the fact, that fact. Resmay had it, and then at some point, Layman had it. Yeah. Why is that sufficient to establish that, you know, Layman had the note, Layman lost the note, and we got the note from Layman? I think it's sufficient because it can show, the servicing shows that there weren't any subsequent transfers during that period, or any unknown transfers during that period. It covers the time that we're missing, basically. For servicing. For servicing, and then. So, you're saying that shows that there wasn't a change in ownership? No, just that it shows that we can track the note through that period, and we know that it was included in this pool. So, we know that it wasn't, it wasn't, it didn't disappear during this time, or wasn't enforced or anything. It was, it was. Well, if it was in the pool, you bought whatever Layman had, but did Layman have enough to be able to collect on this note? We don't know that. We know you bought whatever Layman had, but what is it that Layman had? Well, I mean, yes, I can see your concern with that, and I think that's addressed by what I was referring to earlier with the fact that there haven't been any other claimants to this coming, that have come forward, and we're talking about a significant amount of time since it left Layman's possession, and from there, it is well documented, the chain of title. So, the, I think that when you consider the amount of time that's gone by without any, anyone else claiming, you in conjunction with the other evidence introduced, it's reasonable. Well, what we're having here, okay, this is a note that's secured by the deed of trust. If the note is valid and you hold it, then you can take somebody's home. It's a pretty serious thing, and the foreclosure process is not all that difficult. Isn't it important for the process, if it's not all that hard, that it's important if you're going to take somebody's home, that you do it right? I do agree that it's important that it be done right, and that you establish that you followed the correct procedure. And I think here, just under NRS 104-309, I think by showing the preponderance in addition to the lost note, the statutory requirements are met, and at that point, it's just the, it was just the lower court's decision on whether, you know, the preponderance of evidence and the circumstances specific to this note with no other, you know, no other claimants and the debtor not disputing the existence of the note, it's essentially just, it would be unenforceable by anyone if you were to accept the position that this gap, you know, removes the ability to foreclose. That may be the answer. Entirely possible that's the answer, right? That's the whole point of tracking the actual ownership of the note, which doesn't seem to have happened here, from where we can tell. Yes, Your Honor. I can definitely understand that position. And yeah, in some cases, that does happen. I think here, what it really comes down to is just circling back around to what I was saying about the standard of review being, you know, this was an evidentiary decision at its heart. I think they... Let's focus on that for a second. It's not as if the parties are disagreeing about what evidence was provided. The evidence that was provided is what the court looked at. The question is whether that was sufficient to satisfy 3309. That is a legal question. This is not clear error in my mind. Am I wrong about that? This is DeNova. In my opinion, I think the trial court going through the three-prong test, it really comes down to not them, not the lower court, you know, having any misapplication of the law. It really just comes down to them going through each prong and determining whether the evidence was sufficient. So, my question is, does that leave us with DeNova, or are you trying to argue that, no, this is clear error? I'm trying to argue that it's clear error, just on the basis that it really, each prong of this test really comes down to... I mean, the issue isn't, did the bankruptcy court get a fact wrong? The issue is, were those facts and the aggregates sufficient to satisfy 3309? Why isn't that a legal question? That's not a legal question. I would say, I would argue that it's an evidentiary question just because it comes down to the weight of the evidence considered in the testimony introduced at the evidentiary hearing. Let me, I think I share Judge Lafferty's concern here. You're talking about the court weighing evidence, but I don't see the court weighing evidence. I think what we have here is there was no evidence of possession of the note to weigh. Without that piece, it seems to me that it's a legal issue, not an evidentiary issue. Again, there's just no evidence that meets the requirement of 3309. Yeah, I can... I see your position and I understand the concern about the sufficiency of the evidence, but I really think that under 3309, the statute makes it pretty clear that it isn't just the lost note affidavit that can be introduced, that all the circumstances and evidence surrounding the situation can be considered. And I think everything that I'll... Help me on that because I don't read 3309 that way. It says, 3309 says you need X, Y, and Z, and we don't have Y. Yes, Your Honor. So it's really just... The reading of 3309 that I'm suggesting is essentially just that under 3309-2 that the claimant was... Or you have to show the claimant was acquired ownership from a person who was entitled to enforce it, that the statute's not specific about how you would establish that. And it suggests that you can introduce additional evidence on top of the lost note affidavit that that doesn't alone have to meet the evidentiary requirement. So if there aren't any other questions from Your Honors, real-time resolutions will respectfully request that the panel affirm the bankruptcy court's order in full. And I am happy to address any further questions if there's anything else. Anybody else? Nope. Okay. Thank you very much. Okay. Thank you. Thank you, Your Honors. All right. So let me just start where we left off. 3309 actually does provide the statutory foundation for how to determine whether under prong 2, layman was entitled to enforce the note in whatever holder or non-holder status it may have been in, as the record is unclear. That is by reference to 3301, negotiation. Negotiation means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. That's the evidence you'd be looking for. And then, of course, we need to talk about 3203, transfer and the rights acquired by the transfer. Don't need to go into the language. I know the court's familiar with it. But that's the statutory basis for the evidence to establish whether layman under prong 2 of 3309 was entitled to enforce the note in, again, whatever status it may have been in at the time of the loss of the note, which it could not itself independently verify the note was ever lost while in its possession or whether it even actually ever arrived into layman's possession. So that would be my point on that. Two, UCC 3 does not contemplate the length of time since any party other than RTR claimed entitlement to enforce. I know that in your other, under your other hats as bankruptcy judges, you're probably still seeing the same thing we are out here. Folks, homeowners who have not made a single payment, a single payment on their mortgage since the last recession, since 2013, since 2009-10, which sets up all kinds of very interesting theories about, you know, how to, you know, from a from my standpoint as a consumer attorney, how to attack that for my clients, you know, that just, you know, waiver latches. And then there's also a statute out here that has received much derision from the Nevada Supreme Court recently. But the point is, is that that happens without anybody coming to collect 10, 12, 13 years. I know you've seen it. I see it all the time. And that's not within the, it's just not within the purview of UCC 3. UCC 3 is an interlocking set of provisions that are precise and the evidence to support that those items is clear from the face of the statute itself. Finally, as to the evidence that would establish what RTR bought, I'm with the panel on that one. The bill of sale tells us that they bought something. But the reality is, is that there's nothing in the record to clarify for us what they bought, what layman had the entitlement to sell. Well, I mean, there's no evidence of what was delivered, right? Exactly. Yeah, that's exactly right. And that takes us back to 3203. And so with that, unless you have any other questions, I will conclude. Anybody? No more questions. Okay. This is really, this is very interesting. Thank you both for your very good arguments. Matter submitted. We'll get you a decision as soon as we can. Thank you very much. Thank you. Thank you. Thank you. Okay. Can we call our last matter, please?
judges: Lafferty, Brand, and Corbit